UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **Kanoah Mosley,** <br><br>     Plaintiff; <br><br> v. <br><br> **Dolgencorp, LLC,** <br><br>     Defendants. | Civil Action No. <br>     4:21cv127-DMB-DAS <br><br><br> **Dolgencorp's Notice of Removal** |

## INTRODUCTION

According to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Dolgencorp, LLC gives notice that it has removed Civil Action No. 06CO2:21-cv-00118 from the County Court of Bolivar County, Mississippi, Second Judicial District, to the United States District Court for the Northern District of Mississippi, Greenville Division.

Removal is proper because complete diversity between the parties exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND OF CIVIL ACTION

On 7/2/21, Plaintiff Kanoah Mosley filed the following suit against Defendant Dolgencorp, LLC (improperly named "Dollar General, Corp."):

> *Kanoah Mosley v. Dollar General, Corp.*
> Civil Action No. 06CO2:21-cv-00118
> County Court of Bolivar County, Mississippi, Second Judicial District.

The Complaint alleged that on 9/1/19, Mosley tripped and fell on the premises of a Dollar General store in Shaw, Mississippi.[1] According to the proof of service she filed on 7/16/21, Mosley effected service of process on 7/15/21.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

Mosley's Complaint alleges she is an adult resident citizen of Bolivar County, Mississippi.[2]

Defendant Dolgencorp, LLC, is a limited-liability company organized under Kentucky law. Dollar General Corporation is its sole member. Dollar General Corporation is a Tennessee corporation with a principal place of business in that state.

For purposes of diversity jurisdiction, Defendant Dolgencorp, LLC, is a citizen of Tennessee and Kentucky.

According to 28 U.S.C. § 1332, complete diversity of citizenship exists between Mosley and Defendant Dolgencorp, LLC.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75K

Mosley's Complaint requested an unspecified amount of alleged damages.[3] Mosley alleges bodily injuries, pain, suffering, medical expenses, lost wages, mental and emotional distress, and other damages as a result of the incident.[4]

---

[1] Compl. ¶¶ 3–5 Ex. 1, June 2, 2021.
[2] Ex. 1 ¶ 1.
[3] Ex. 1 p. 4.
[4] Ex. 1 ¶ 15.

Because the amount in controversy was not facially apparent from the Complaint, Dolgencorp propounded requests for admission on that issue on 8/11/21. Mosley responded to the requests for admission[5] denying:

- That her total alleged damages do not exceed $75K;
- That her total damages will never exceed $75K;
- That she will never seek to recover total damages in excess of $75K;
- That the amount in controversy is less than $75K;
- That the amount in controversy will always be less than $75K; and
- That she will never attempt to assert a claim that exceeds $75K.[6]

After receiving the answers to the requests for admission, Dolgencorp sent Mosley correspondence stating that as a result of those responses it would remove the case to federal court based on diversity jurisdiction.

At the same time, Dolgencorp sent Plaintiff an affidavit stipulating that the amount in controversy is less than $75K. Consistent with the answers to the requests for admission, Dolgencorp informed Mosley that if she did not respond by 10/5/21, it would remove the case. Mosley subsequently requested an extension until 10/6/21.[7] Mosley neither responded nor returned the executed affidavit.

The Southern District of Mississippi recently denied a motion to remand because a plaintiff denied a request for admission asking plaintiff to admit she was

---

[5] Pl.'s Not. of Serv. of Disc. Resp. Ex. 2, Sept. 8, 2021.
[6] Pl.'s Resp. to Reqs. ## 1–6 Ex. 3, Sept. 8, 2021.
[7] Correspondence to Mosley Ex. 4, Oct. 1, 2021.

not seeking in excess of $75K.[8] As in that case, Mosley's denial that she is not seeking in excess of $75K confirms that the amount in controversy exceeds $75K, exclusive of interest and costs.

Mosley's responses to requests for admission, especially in combination with her refusal to stipulate to damages less than the jurisdictional amount—in spite of notice that Dolgencorp would remove the case if she refused to do so—is clear evidence Mosley seeks damages in excess of the $75K jurisdictional limit. Given the previous, the amount in controversy exceeds $75K.

The Court has original jurisdiction according to 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

In responses dated 9/8/21, Mosley denied that the amount in controversy was less than $75K.[9] Mosley's responses to the requests for admission were the "other paper" giving notice that the amount in controversy exceeds $75K, exclusive of interest and costs.[10]

Thirty days have not elapsed, and removal is timely under 28 U.S.C. § 1446(b)(1).

---

[8] *Fortune v. XFit Brands, Inc.,* No. 3:18-cv-545-CWR-LRA, 2018 U.S. Dist. LEXIS 204893 (S.D. Miss. Dec. 4, 2018).

[9] Ex. 2; Ex. 3 ## 1–6.

[10] *See Self v. Hayes,* No. 1:16CV535-TSL-RHW, 2016 U.S. Dist. LEXIS 190857, at *8-9 (S.D. Miss. 2016) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (holding that post-complaint demand letter is "other paper" under 28 U.S.C. § 1446(b)).

## VENUE

According to 28 U.S.C. § 104(b)(1), venue properly rests in this Court because the case is being removed from the County Court of Bolivar County, Mississippi, Second Judicial District, where Mosley originally filed it.

## COPY OF STATE COURT PROCEEDINGS

Under 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of proceedings from the County Court of Bolivar County, Mississippi, Second Judicial District will be timely filed.

## NOTICE TO PLAINTIFF

Consistent with 28 U.S.C. § 1446(d) and the Certificate of Service, Defendant Dolgencorp, LLC is providing Mosley with a copy of this Notice of Removal.

## NOTICE TO STATE COURT

Defendant Dolgencorp, LLC will file a true and correct copy of this Notice of Removal with the County Court of Bolivar County, Mississippi, Second Judicial District and effect removal to this Court according to 28 U.S.C. § 1446(d).

## CONCLUSION

Defendant Dolgencorp, LLC respectfully requests that this Court will receive and place on its docket this Notice of Removal and that the County Court of Bolivar County, Mississippi, Second Judicial District will proceed no further in this action.

Respectfully submitted,

**Defendant Dolgencorp, LLC**

Dated: 10/7/21.

Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
L. Dillon King (MSB #105700)
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T + 601.856.7200
F + 601.856.7626
drussell@cctb.com
bsmith@cctb.com
dking@cctb.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, L. Dillon King, certify that on 10/7/21, I electronically filed a true and correct copy of the previous document with the court using the ECF system which sent notification to the following:

Kevin J. White
SLOCUMB LAW FIRM, LLC
210 E. Capital Street, Suite 401
Jackson, MS 39201
T+769.207.0050
F+769.888.1107
kwhite@slocumblaw.com
*Attorney for Plaintiff*

                                                                                     <u>s/L. Dillon King</u>
                                                                                     L. Dillon King